RESCRIPT
The petitioner, Norman Perez, was convicted of murder in the first degree based on deliberate premeditation and extreme atrocity or cruelty. We affirmed the conviction. Commonwealth v. Perez, 411 Mass. 249, 250, 581 N.E.2d 1010 (1991). In August 2018, Perez filed, in the county court, a "petition for mandamus" to be issued to the Superior Court in Middlesex County pursuant to G. L. c. 211, § 3, asking the court to "compel" the Superior Court to provide him with a copy of the transcript from the trial of his codefendant, Angel Kipp.[1] A single justice denied the petition without a hearing.
It appears that when Perez filed his G. L. c. 211, § 3, petition in the county court, he also filed a copy in the Superior Court. Notwithstanding the single justice's decision, issued on August 27, 2018, a judge in the Superior Court, on August 28, 2018, issued an order directing the Superior Court clerk's office in Middlesex County to provide Perez with a copy of the requested transcript. Shortly thereafter, Perez received a copy of the transcript of his own trial, rather than of Kipp's trial. The Superior Court judge then issued an order specifically providing that Perez's "request for a copy of [Kipp's] trial is allowed."
While Perez was continuing his efforts to secure a copy of the transcript in the Superior Court, he also filed this appeal from the single justice's denial of his G. L. c. 211, § 3, petition. The Commonwealth has filed a motion to dismiss the appeal on the basis that it is moot because Perez has received the relief that he sought -- that is, that the Superior Court judge, in directing the Superior Court clerk's office in Middlesex County to provide a copy of Kipp's trial transcript, provided the relief that Perez seeks from this court. We agree, and for this reason we dismiss the appeal. In doing so, however, we are cognizant of the fact that Perez has not yet actually received the transcript; according to the Commonwealth, the Superior Court clerk's office "has undertaken a search" for the transcript, has not yet located it, and will provide it if it can be located.[2] Should the clerk's office be unable to provide a copy of the transcript to Perez within sixty days of this decision, further appropriate steps should be addressed in the first instance in the Superior Court.
Appeal dismissed.
The petitioner's codefendant, Angel Kipp, was indicted for the same murder for which Perez was ultimately convicted. Kipp was tried separately and acquitted.
The record indicates that Kipp's trial took place before Perez's trial; that prior to Perez's trial, Perez filed a motion for a transcript of Kipp's trial; and that the motion was allowed. The record does not indicate whether the transcript was ever prepared or produced to Perez.